UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE ANTONIO MARTINEZ** | : | **CIVIL ACTION NO. 14-cv-2367** |
| **DOC #174399** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **SHERIFF'S OFFICE** | | |
| **CALCASIEU PARISH** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Jose Antonio Martinez (hereinafter "Martinez"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections.

On September 2, 2015, this court issued a memorandum order directing Martinez to amend his complaint. Doc. 12. On October 2, 2015, the memorandum order sent to Martinez was returned to the court marked "return to sender/attempted not known/unable to forward." Doc. 13. On October 13, 2015, Martinez filed a notice of change of address. Doc. 14. On October 16, 2015, the court forwarded the memorandum order directing him to amend his complaint to Martinez at the new address noted in his correspondence. On October 22, 2015, the memorandum order was returned to the court marked "attempted not known." Doc. 15. The document was mailed to Martinez at his last known address.

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Further, Local Rule 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."  More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that Martinez's civil rights complaint be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

- 3 -

THUS DONE AND SIGNED in Chambers this 19th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE